Judge Mills
delivered the opinion.
This is an action of trespass Quart clausumfregit Th® defendants pleaded in substance that one of them, to wit: John Long, had brought bis suit in chaucery, in the proper court, claiming and praying for the legal title of the close in question from a certain Edward Mitchell who beld it, and that after said Edward Mitchell bad answered the bill, he died, and the suit was properly revived against Sarah Mitchell, bis heir and representative, against whom such proceedings were had, that a decree was finally obtained against said Sarah Mitchell, for the title, possession, and ownership of the close and tenements in the declaration mentioned. That upon said decree a writ of possession issued directed to the sheriff, who was the other defendant, and who, accompanied and directed by his co-defendant Long, entered upon said premises to take possession thereof, and finding the plaintiff in this action then and there in possession, claiming and bolding it under the claim of said Edward Mitchell acquired, or pretended to have been acquired Jong after the commencement and during t he pendency of the aforesaid suit ⅛ chancery, did, in obedieij.ee to the writ aud under its authority remove the *415 plaintiff in this action and his goods and chattels to a con* vesieht distance from the elose aforesaid, doing him and them as little damage as possible, and according to the command of the writ, delivered the possession to the said defendant Long, which was the same trespass in the declaration allcdged and no otheras to the residue of the trespass they pleaded “ not guilty.”
⅞> issut ject to *he decree be'made'a1 party, nor be served with a the
To this plea the plaintiff replied that the said suit in chancery was not after the death of the said Edward Mitchell, legally revived against his heir at law and legal representative, and that Robert Mitchell, was, at the death of said Edward, his only surviving brother and sole heir, and that the said Sarah Mitchell, against whom the suit was revived, was not the heir of the said Edward. To this replication there was a demurrer, and on argument, judgment was rendered for the defendants, to reverse which, this writ of error is prosecuted by the plaintiff below.
It is now contended that the plea of the defendants is invalid, because it shews that the sheriff and complainant in chancery, under whose writ the sheriff acted, delivered to the plaintiff in that writ of possession, the possession of a purchaser pendente lite, and that on sdeh, no writ could operate according to the rules of chancery, unless a rule Was had against them and they had the opportunity of a hearing is some mode before the writ could affect them. The statute of this state has given to decrees in chancejy the effect of judgments at common law, so far as to entitle the party holding the decree to a writ, of habere facias pos~ iessionem, and it is contended that the exercise of such writs ought not to he extended beyond the operation of the proceedings, which changed possession before the passage of the act. Admitting this latter position tobe correct, it cannot be granted that the pendente lite purchaser ought to be first made a party before the writ could affect him.
It is a well settled general principle that the purchaser of an estate pendente lite is affected and overreached by the decree. If, before the statute, such a possessor was found upon the soil, it became his duty to perform the decree and surrender the possession to the defendant. It is true a rule was frequently served upon him, and he required to surrender the premises before compulsory measures were adopted. But this service of the rule was likewise necessary against the defendant himself, where be'heid the possession and had not aliened the land. Avcopy of the *416 deere* was first served or some rule requiring him t.a perform, before coercion was adopted. We apprehend that it cannot now be contended, that after a decree for land against the defendant, (Since the statute, it would be necessary >o serve the decree or any rule before the emanation and service of the writ of possession. The decree is his notice, and be must be subject to the writ without this proceeding. In no belter situation can we view him, who has bought and entered during the pendency of the suit. He must be subject to the remedy given by statute without further proceedings in like manner with Jiis alienor. It is evident the decree wduld bind him and it would be nugatory to require him to be made party for the purpose of contesting, that which bfc could not contest. We therefore conceive that the plea was substantially good, and that there is no error in the decision of the court below on account of defects in the plea.
-«A rwVlTW against a stranger does “ ’
The replication of the plaintiffbelow presents a different * * • • question. Every part of the plea is confessed by it except the validity of the decree, which is contested, by alledging *’e',*v°r of the chancery suit was not agaiBst the true heir at law but against a stranger. Suppose that on the death of Edward Mitchell, Robert became his sole heir as the plea alledges, and that be, Robert, entered upon the estate, and being unapprized of the suit, no revivor having taken place against him and he was ousted by this Writ, could he be affected by a revivor arid decree against á stranger ? It is believed that the plaintiff in this action is entitled to the same standing. Altho’ we conceive a writ of habere facias possessionem ought in general to operate upon parties and privies in possession, yet we are uuwil-ling to extend it to strangers and to determina that a plaintiff in such writ has a right to oust every person he sbail find on the premises. It is well settled that only parties and privies to a decree are bound by it. It is also necessary to revive a suit against a representative after the death of the original party, in,order that such representative may be bound by the decree. If he could be affected without revivor, or by reviving «gainst a stranger, any proceedings to revive would be wholly unnecessary. If he is not bound by the decree it necessarily follows that he is not subject to the execution, and that the person executing the decree upon him must be a trespasser. If Robert Mitchell would not have been subject to the decree ia the present case, it *417 follows that the plaintiff in 'his action could not. He held by acquisition either from Robert or his ancestor Rdvrard. Frota whichsoever be may have acquired the possession, a decree agaiosi Robert, after the death of Edward, (taking tfie replication as true,) was necessary to authorize the disturbance of the possession, and a decree against Sarah Mitchell, who was no heir, could not be obligatory upon either Robert or the plaintiff below — and it was competent for him to shew it in this action.
Bibb, Talbot, Pape, Hoggin, for pl’ff. Wicklijfe for def’t.
The judgement of the circuit court must therefore be reversed and the cause remanded. 'nip directions to overrule the demurrer to tne plaintiff’s replication unless that the plaintiffs shall tender a valid rejoinder and pray for leave to withdraw the demurrer